JOHN L. BOGARDUS, plaintiff in error *v.* JOHN G. TRIAL, defendant in error.

*Error to Peoria.*

In a special demurrer, the particular exception intended to be relied on, should be minutely set forth.

A copy of a note filed with, or attached to a declaration, is no part of the declaration.

A count on a promissory note, and a count for goods, wares, and merchandise sold and delivered, may be joined in the same declaration.

In order to take advantage, on demurrer, of a variance between the note set out in the declaration, and the copy of the note filed with the same, *oyer* should be craved, and the note set out *in hæc verba*, in the demurrer.

THIS was an action of *assumpsit* commenced in the Peoria Circuit Court by the plaintiff in error against the defendant in error. The first count in the declaration is as follows:

"John L. Bogardus, plaintiff in this suit, complains of John G. Trial, defendant in this suit, in a plea of the case; for that whereas the said defendant, by his promissory note in writing, his own proper hand being thereunto affixed, dated the second day of November, in the year eighteen hundred and twenty-nine, for value received, promised to pay the said plaintiff the sum of fifty dollars, when he, the said defendant, should be thereunto afterwards requested."

The second is the usual count for money had and received, and for goods, wares, and merchandise sold and delivered. The copy of the note attached to the declaration, is in the following words:

"For value received, I promise to pay to John L. Bogardus, or his order, two hundred bushels of corn, to be delivered on or previous to the twenty-fifth day of December next, at my field, at such times as he shall call for it, he giving me one day's notice for each load of his team. As witness my hand, this 2d day of November, A. D. 1829. It is understood, that, in default of delivering the corn as above, I promise to pay the deficit in cash, at twenty-five cents a bushel.

"JOHN G. TRIAL.    [L.S.]

"Attest, AUGUSTUS LANGWORTHY,
    "FRANCIS HEEBENER."

L. BIGELOW, for the plaintiff in error.

T. FORD, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:(1)

This was an action on the case, in *assumpsit*. The declaration contains two counts: one on a promissory note, payable, as de-

(1) WILSON, Chief Justice, did not sit in this cause.

scribed in the declaration, on demand;—the second is the usual count, for money had and received, and for goods, wares, and merchandise sold and delivered. The defendant filed a special demurrer, and simply assigned for causes of demurrer, 1st. The first count is insufficient and informal; 2d. There is an improper joinder of actions; 3d. The second count is defective. The rule in relation to special causes of demurrer, is too well settled to allow this general and indefinite mode of specifying the causes. Where the objection goes to form and not substance, the particular exception intended to be relied on, should be minutely set forth. Here it is barely alleged that the first count is "insufficient and informal," but in what that informality and insufficiency consists, is not shown. The second ground is to the joinder of the counts, and is therefore not a special, but a general and substantive cause of demurrer. Is it, however, well taken? I think not. Both the counts are in assumpsit, and are held to be joinable by the universal authority of all courts. The defendant's counsel, probably, in making this exception, adverted to the copy of the note appended to the declaration, which is in reality a covenant under seal, and the original of which, it is true, on the trial, could not have been given in evidence under either of the counts in the declaration; but which could not be used as causes of demurrer, to show a variance between the count and the note declared on. The copy exhibited with the declaration being considered, by repeated adjudications, no part of the declaration, to have shown the variance, *oyer* should have been craved, and the note set out *in hæc verba* in the demurrer; and then the variance would have been manifest. The third cause of demurrer is not sustainable; for although in point of form, the count may be defective, still it is substantially good. The defect in point of form is not shown, and is therefore not available.

The judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings, to the Circuit Court of Peoria.

*Judgment reversed.*